UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REBECCA FRAILING,

    Plaintiff,

v.                                                                                                        Case No. 2:05-cv-290
                                                                                                       HON. R. ALLAN EDGAR

MARQUETTE GENERAL
HOSPITAL, INC.,

    Defendant.
_____/

**MEMORANDUM**

Plaintiff Rebecca Frailing brings this action against her former employer, Defendant Marquette General Hospital, Inc. ("MGH"), for alleged violations of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*., the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., and the Michigan Whistle-blowers' Protection Act, Mich. Comp. Laws § 15.361 *et seq*. Plaintiff filed her complaint in this Court on December 22, 2005. [Court Doc. No. 1].

**I.    Background**

Following several unsuccessful attempts to obtain Plaintiff's compliance with initial disclosure rules and discovery requests, on September 29, 2006, MGH moved to compel discovery from Plaintiff. [Court Doc. No. 17]. MGH requested that this Court order Plaintiff to provide initial disclosures and answers and documents in response to its request for production of documents and interrogatories. Following this Court's order requiring Plaintiff to respond to the motion to compel, Plaintiff responded to the motion on October 26, 2006 via a letter to the Court indicating that she did not understand what MGH was asking of her. [Court Doc. No. 23]. On

November 6, 2006 this Court granted MGH's motion to compel and ordered Plaintiff to respond to MGH's discovery requests and provide disclosures by November 24, 2006.  The magistrate judge's order specifically warned Plaintiff that "[f]ailure to provide the disclosures and answers to the discovery requests will result in a recommendation that this case be dismissed."  [Court Doc. No. 25].

On November 7, 2006 MGH moved to compel Plaintiff to identify mental health care professionals from whom she received treatment and to provide releases allowing MGH to obtain records from those professionals.  [Court Doc. No. 28].  On December 11, 2006 MGH moved to dismiss Plaintiff's complaint for failure to comply with this Court's discovery order.  [Court Doc. No. 31].  Following Plaintiff's failure to respond in writing to MGH's motion to dismiss, on January 19, 2007 MGH provided this Court with a "reply memorandum" in support of the motion.  The reply indicated that January 19th was the last day of the discovery period and Plaintiff had failed to provide any initial disclosures or responses to any discovery requests. [Court Doc. No. 33].

On March 1, 2007 this Court ordered Plaintiff to respond to MGH's motion to compel by March 9, 2007 and ordered her to respond to MGH's motion to dismiss by March 16, 2007. [Court Doc. No. 34].  Although Plaintiff signed a medical release and sent it to MGH's counsel on March 8, 2007, she failed to provide MGH with the names of any treating mental health professionals.  Further, Plaintiff failed to comply with this Court's order to respond to MGH's motions.  Therefore, on March 30, 2007 the magistrate judge issued a report and recommendation recommending that this Court dismiss Plaintiff's complaint in its entirety for failure to prosecute.  Fed.R.Civ.P. 41(b).

**II.     Analysis**

Federal Rule of Civil Procedure 41(b) allows this Court to dismiss an action upon motion of the defendant for failure to prosecute. Fed.R.Civ.P. 41(b). A district court has substantial discretion in determining whether to dismiss an action for failure to prosecute. *See Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). The Sixth Circuit explained dismissal for failure to prosecute in *Knoll*:

> In the context of dismissal pursuant to Rule 41(b) for failure to prosecute, we look to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

176 F.3d at 363. Further, "[a]lthough typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)).

In applying the four relevant factors to this action, it appears clear that dismissal of Plaintiff's complaint is appropriate. The blame for failure to respond to discovery lies squarely with Plaintiff. Plaintiff failed to respond to MGH's numerous requests for discovery over a period of many months without explanation. This Court understands that Plaintiff is representing herself *pro se* in this action; however, her status does not give her leave to ignore the Federal Rules of Civil Procedure and numerous orders of this Court. MGH has been severely prejudiced by Plaintiff's failure to provide any discovery; the discovery period is now closed and Plaintiff has failed to provide MGH with any responses to its discovery requests. MGH cannot defend

itself against Plaintiff's claims without initial disclosures, as well as responses to its reasonable discovery requests. The magistrate warned Plaintiff in his November 6th order that he would recommend dismissal of her claims if she did not comply with the Court's discovery orders. [Court Doc. No. 25]. The magistrate repeatedly issued orders requiring Plaintiff to respond to MGH's motions and to comply with discovery. Plaintiff failed to file anything with this Court in response to the Court's directives. Based on the record in this case, this Court concludes that it is well within its discretion to dismiss Plaintiff's complaint in its entirety for failure to prosecute.

Plaintiff has failed to file a timely objection to the magistrate judge's report and recommendation recommending dismissal for failure to prosecute issued on March 30, 2007. [Court Doc. No. 37]. After reviewing the record, the Court **ACCEPTS and ADOPTS** the report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Fed.R.Civ.P. 72(b), and W.D. Mich. LCivR 72.3(b).

### III.   Conclusion

As explained *supra*, Defendant Marquette General Hospital's motion to dismiss will be **GRANTED**. Plaintiff's complaint will be **DISMISSED** in its entirety with prejudice.

A separate judgment will enter.

Dated this the 23rd day of April, 2007.

        /s/ R. Allan Edgar
        R. ALLAN EDGAR
        UNITED STATES DISTRICT JUDGE